2

# UNITED STATES DISTRICT COURT

for the

_Middle_ District of _North Carolina_

_____ Division

Brandon C. Polk

Case No. 1:22CV613

(to be filled in by the Clerk's Office)

_____

_Plaintiff(s)_
_(Write the full name of each plaintiff who is filing this complaint._
_If the names of all the plaintiffs cannot fit in the space above,_
_please write "see attached" in the space and attach an additional_
_page with the full list of names.)_

-v-

Stanly County,
Stanly County Sheriff's Office
Sheriff - J. Crisco,
"See Attached"
_____

_Defendant(s)_
_(Write the full name of each defendant who is being sued. If the_
_names of all the defendants cannot fit in the space above, please_
_write "see attached" in the space and attach an additional page_
_with the full list of names. Do not include addresses here.)_

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

---

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should _not_ contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include _only_: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name                                    Brandon C. Polk

All other names by which

you have been known:          B.P.

ID Number                            24140-057

Current Institution               FCI McDowell

Address                               P.O. Box 1009

| Welch | WV | 24801 |
|-------|-----|-------|
| *City* | *State* | *Zip Code* |

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

Name                                    J. Crisco

Job or Title *(if known)*         Sheriff

Shield Number                      N/A

Employer                             Stanly County Sheriff's Office

Address                               223 S. 2nd St

| Albemarle | NC | 28001 |
|-----------|-----|--------|
| *City* | *State* | *Zip Code* |

☑ Individual capacity     ☑ Official capacity

Defendant No. 2

Name                                    D. Hunneycutt

Job or Title *(if known)*         Captin

Shield Number                      N/A

Employer                             Stanly County Sheriff's Office

Address                               223 S. 2nd St

| Albemarle | NC | 28001 |
|-----------|-----|--------|
| *City* | *State* | *Zip Code* |

☑ Individual capacity     ☑ Official capacity

Defendant No. 3

    Name                                 J. Efird

    Job or Title *(if known)*           K-9 Holder

    Shield Number               N/A

    Employer                    Stanly County Sheriff's Office

    Address                      223 S. 2nd St

                            Albemarle       NC       28001
                            *City*           *State*       *Zip Code*

                  ☑ Individual capacity     ☑ Official capacity

Defendant No. 4

    Name                                 D. Sells

    Job or Title *(if known)*           Deputy Sheriff

    Shield Number               N/A

    Employer                    Stanly County Sheriff's Office

    Address                      223 S. 2nd St.

                            Albemarle       NC       28001
                            *City*           *State*       *Zip Code*

                  ☑ Individual capacity     ☑ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

    ☐ Federal officials (a *Bivens* claim)

    ☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Excessive Force - 4th Amendment       Excessive Force - 14th Amendment

Malicious Prosecution     4th Amendment

Bystander Liability     4th Amendment

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

"See Attached"

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☐ Convicted and sentenced state prisoner

☑ Convicted and sentenced federal prisoner

☐ Other *(explain)*

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

on Union Grove Church Rd., on 11-1-2019 at a random house that I do not know the address for, after I pulled over from eluding a arrest in a vehicle to voluntarily surrender myself

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

C.    What date and approximate time did the events giving rise to your claim(s) occur?

11-1-2019, approximately around 11:00 A.m. and 11:30 A.m. and 11-1-2019 approximately around 6:00 P.m. and 6:30 P.m.

D.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)* I pulled over to Surrender myself to Officers J.Efird and Deputy Sells and when I did I was thrown to the ground and a k-9 was deployed to attack me that was released by Deputy J.Efird Without Warning, Capt. Hunneycutt and Det. morgan was at the scene whenever the k-9 was deployed and watched and allowed the k-9 to attack me for over 2 mins.

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive. I was denied from recieving treatment on the Ambulance from Paramedics by Deputy J.Efird. I was bit under my arm Pit on the right side, the right side of my head, neck, and shoulder areas that caused lacerations, and multiple abrasions. I also have had to talk to psychologist at Stanly County Jail, Durham County Jail, and McDowell FCI so far and I may need future psychological help.

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Hold the defendants Accountable for their Actions,
Awarded Nominal, Punitive, and Compensatory damages for Plaintiff
Award the plaintiff any other relief that the court find Just and Proper.
Declare that the acts and omissions of Defendants violated Plaintiff's U.S.C. rights

## VII.    Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☐ Yes

☑ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Yes

☐ No

☑ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No

☑ Do not know

If yes, which claim(s)?

N/A

_____

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

☑ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☑ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

N/A

_____

2.    What did you claim in your grievance?

N/A

_____

3.    What was the result, if any?

N/A

_____

4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

N/A

_____



F.   If you did not file a grievance:

1.   If there are any reasons why you did not file a grievance, state them here:

N/A
    Incident happened before I was Convicted and incercerated

2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

N/A

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

N/A

*(Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A.     Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.     If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.    Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.    Docket or index number

_____

4.    Name of Judge assigned to your case

_____

5.    Approximate date of filing lawsuit

_____

6.    Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition. _____

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

pending

_____

C.     Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes

☑ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s)   Brandon C. Polk

   Defendant(s)   A. Aldridge III, D.B. Evans, O.C. Harrington

2. Court *(if federal court, name the district; if state court, name the county and State)*

   United States Middle District Court

3. Docket or index number

   1:22CV174

4. Name of Judge assigned to your case

   Judge Schroeder

5. Approximate date of filing lawsuit

   3-31-22

6. Is the case still pending?

   ☑ Yes

   ☐ No

   If no, give the approximate date of disposition _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   Pending

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:     7-27-22

| | | |
|---|---|---|
| Signature of Plaintiff | *Brandon C. Polk* | |
| Printed Name of Plaintiff | Brandon C. Polk | |
| Prison Identification # | 24140-057 | |
| Prison Address | P.o. Box 1009 | |
| | Welch | W.V. 24801 |
| | *City* | *State*      *Zip Code* |

### B. For Attorneys

Date of signing:     _____

| | |
|---|---|
| Signature of Attorney | _____ |
| Printed Name of Attorney | _____ |
| Bar Number | _____ |
| Name of Law Firm | _____ |
| Address | _____ |
| | *City*      *State*      *Zip Code* |
| Telephone Number | _____ |
| E-mail Address | _____ |

Address :
#24140-057                   Brandon C. Polk

P.o. Box 1009

Welch, W.V. 24801            Plaintiff,        1983 Claine

                                      V.


Address :                    Stanly County

223 s. 2nd st

Albemarle, NC 28001          Stanly County Sheriff's Office

                    J. Crisco - (Sheriff), D. Hunneycutt - (Captin),
                    J. Efird - (k-9 Holder), D. Morgan,
                    D. Sells, D. Callicut, F. Porras  in their
                    individual and Official Capacity,


                              V.


Address :           Norwood  Police  Department

139 N. Main st

Norwood, NC 28128 officer - John Doe  in his  individual
                    and official Capacity,


                    Defendants,

On 11-1-2019 around 8:00 A.M., while I was laying in my bed at my apartment in Charlotte, NC located at 1700 N. Brevard St. Apt. #232, I recieved a call from a white male that I didn't know who was trying to buy drugs. I told him that I didn't know him and that I didn't have any drugs then asked him how he got my number. He said he got my number from a female that was a mutual friend of ours and that I sold him some drugs before at her house before he went to jail. I told him that he was lying and that I wanted to meet him to see who he was. He kept on insisting that he wanted to buy drugs. After our first call ended he called back about a hour later saying that he had just left from the bank with his girlfriend and wanted to meet me to get drugs. I told him to come to Charlotte because I wasn't in Albemarle and he said that he couldn't come that far so we agreed to meet at a location in Albemarle off of hwy 52 and hwy 24/27. Over the next few hours he called a few more times saying that he was waiting for me because I never showed up. I told him in one call that I was busy and wouldn't be coming to Albemarle anytime soon and if he was just expecting to get drugs then he could go ahead and leave or just call somebody else. He said that he was cool with waiting for me. there was about a different calls between us. Both times

about every call I told him that I didn't
have any drugs, wasn't going to sell any drugs, and
if he wanted any drugs then he could call somebody
else and the only reason that I was going to
come meet him was to see who he was, which he
agreed to in every call. A few hours after we planned
our first meeting location I finally ended up showing
up at the 2nd location which was Charlies Grocery Store
on old Aquadale Rd around 11 or 11:30 A.M. in a grey
Toyota mini van. When I pulled up I could see that the
lights to the store was out and it looked closed. I tried pulling
out to leave and a grey unmarked vehicle came up from the right
side and tried to block me off. A white male with
a bald head that I didn't know at the time
which turned out to be Capt. Hunneycutt came jumping
out of the passenger side in a long white sleeve shirt
with no police or govt. Agency logo's on it and came
running towards me with a gun pointed at me. I
pressed on to the gas and took off with the grey
unmarked vehicle coming behind me in pursuit that was being
drove by Det. Morgan and Capt. Hunneycutt on the passenger
side. Behind the grey vehicle was a sheriff jeep that was
white being drove by Deputy J. Efird a (k-9 holder) with
Deputy J. Sells and k-9 Bodi as passengers.
  After a few minutes I turned right on Union Grove
Church Rd. and when I looked into the mirror
I saw the grey unmarked vehicle pulling over and

I reached for my cell phone that had fell on the floor when I turned on Union Grove Church Rd. When I looked up I was going off the rode and almost hit a mailbox. After I dodged the mailbox and got back on the rode, I looked in the mirror and saw that the white jeep had passed the grey unmarked vehicle to get behind me with sirens on. About 1 minute later I started pumping the brakes to the white jeep behind me to signal that I was slowing down, while I was looking for somewhere that looked safe enough for me to stop. I came up on a house that had a Brownish color mini van parked in the drive-way, with a trampoline, bikes and toys laying around the yard that I could see from the rode. Before I turned into the drive-way I turned on my right turn signal and I pulled to the right of the mini van near the rear end, put the van in park and sat with both of my hands up to be clearly seen. A few seconds later the white Sheriff Jeep pulled in on the other side of the brownish color mini van and Deputy Sells jumped out with his gun in his hand pointed towards me, yelling for me to get out of the car. I kept both of my hands raised up to be clearly seen because I had my seat belt on and I didn't want to reach for it to make him think that I was reaching for a weapon or something to make him react in an aggressive way, but he opened the driver door, took the seat belt off, and removed me from

about 3 to 5 seconds and I thought that he
was about to handcuff me but instead he
threw me on the ground behind the brownish
color mini van and the white sheriff jeep.
When I hit the ground I landed on my stomach
in a position with my hands out and I could
see Capt. Hunneycutt and Det. Morgan walking
towards me from the grey unmarked car. Within
3 seconds I felt a sharp object go into my right
arm ~~pits~~ pit before any of the officers grabbed
me and I looked back to see what it was because
I thought that one of them had stabbed me with
a knife or something and I saw a lot of blood on
my clothes then I saw that I was being attacked
by ~~the~~ a k-9. After the dog bit me under my arm pit
it went on to bitting me on my head a few times,
a few times on my neck, which I have scars behind
my right ear to prove that want go away, a few times
on my right arm and my right shoulder and then
it started pulling on my jacket. Once the dog started
pulling on my jacket Deputy Efird put me in
handcuffs with the dog still on me, and it made the
dog attack me more. I yelled for the officers to get
the dog off of me the entire time. While I was
being attacked Capt. Hunneycutt, J. Morgan, Deputy Sells,
and Deputy Efird stood directly in front of me. After
I got put in handcuffs, Deputy Efird walked back to

the front side of me with the other 3 officer's and started conversating and watching the dog attack me without trying to remove the dog. A female officer walked up while the dog was on me pulling off my jacket while I was on the ground in handcuffs which was Deputy Callicut. She stood with Capt. Hunneycutt Deputy Efird, Deputy Sells and Det. Morgan watching the dog attack me without doing anything or saying anything to the officer's to get the dog off of me as well. The entire attacked lasted between 2 and 3 minutes but it felt like alot longer. At one point Deputy Efird walked behind me and started saying something to the dog like he was trying to call the dog off of me but it seem like it was only making the dog alot madder because it started growling more and pulling on me harder with a look in it's eyes that looked like it was possessed and wanted to kill me. He told the other officer's in a joking manner that "it look like the dogs teeth is stuck in his jacket," and walked back to the other side of me with the other officer's leaving the dog still pulling on me. I kept yelling for them to get the dog off of me but none of them cared to try and have the dog took off of me. After about a minute later a white male that I don't know who lived at the house that I decided to pull over at had come outside and was walking around his yard, they finally took the dog off. Deputy Efird was the one that got the dog off of me and he put it back in the jeep.

Captain Hunneycutt came over to me while I was still sitting

on the ground in handcuffs and started yelling in my face and calling me names like punk motherfucker, punk bitch, and a bunch of other stuff that I can't remember for about 30 seconds straight. I never responded to anything that he had to say. A white male that was older and tall came up taking pictures of me and my wounds where I had blood coming from while I was still on the ground and he had for me to stand up so that he could get some more pictures, while another officer was searching around in the van that I was driving.

After I got stood up Deputy Sells came over to me and started searching me and took about #450 out of my pockets, my I.D., credit union card, business card from woodforest, visa debit card, and my house key to my apt. in Charlotte. He put all of my property in a plastic bag and I never got any of it back, due to them saying that they found a small bag of methamphetamine in the van, after I was bit. Detective Aldridge III, that works with the Albemarle Police Department walked up to me waving a black and yellow device that look like a tablet in my face saying that he was the one that I was talking to on the phone and the phone conversations was recorded. I could see a list of about 4 or 5 different call times. After he showed me the device him and Detective Morgan rode off down the road and came back about 5 minutes later saying they found about 2 ounces of Methamphetamine on the side of the road, where I almost wrecked at and said that it

Was mines. A few minutes later Sheriff Crisco pulled up around the same time as the ambulance. Sheriff Crisco was driving a dark color crown vic and stopped on the side of the rode and asked if everything was under control. At that time Capt. Hunneycutt was standing beside of me and said that everything was under control, and Sheriff Crisco drove off without getting out or showing any concerns about why I was bleeding and how my clothes got ripped up.

Two paramedics from Stanly Regional came over to check my wounds and said that they looked really bad and asked me if I wanted to ride with them to the hospital to get treated due to the amount of blood that I was losing. One of the paramedics was a male and the other was a female. Deputy Efird and Deputy Sells spoke to the paramedics about not letting me ride with them to the hospital and they ended up getting into a argument that lead to the paramedics walking off angry.

When the paramedics drove off Deputy Efird put me in the back of the Sheriff jeep beside of the k-9 that had just attacked me that was in a steal cage. A different Deputy officer who I didn't know that was alot bigger than Deputy Efird and had a bald head rode with him to take me to the hospital instead of Deputy Sells, and on the way to the hospital Deputy Efird pulled over on the side of the rode on Union Grove Church Rd. facing a big cotton field. Deputy Efird and the other Deputy got out

and walked behind the sheriff jeep and got on the
phone, being well aware that I was badly bleeding and in
the jeep alone with the k-9 that had just attacked me.
The k-9 was inside of the cage jumping around and barking
like it was trying to get at me the entire time that they
was outside of the jeep. I watched a clock that was
in the jeep whenever they got out and started talking to
each other and getting on the phone. After about 15 minutes
went by they got back in and finally took me to the
Stanly Regional Hospital which was about another 15 minute
ride away. When we got to the emergency room Captn
Hunneycutt, Deputy Selts, and Detective Morgan was already
there. When I got seen by the nurse Deputy Efird,
Deputy Selts, and the unknown Deputy was the only ones
in the room. The nurse said that I needed stitches for
the wound under my arm. They talked the nurse into
not giving me stitches because they was running short on
time and had to get me to the magistrates office.
Deputy Efird received a phone call while we was waiting
for the nurse to come back and treat my wound, and he walked
out to take the phone call. When he came back in the room
that we was waiting in he told the other 2 deputies that
the magistrate was getting mad and was going to leave
if they didn't hurry up.
When the nurse came back she said that she had to give
me stitches and they asked her if she could give me some
kind of gel substitute to put on the wound under my arm

that would close over time, and she went and did it
even though I said I wanted regular stitches instead.
After I got discharged from the emergency room which
may had been around 3:00 p.m., Deputy Efird and
the other officer took me to the Stanly County Jail where
I was gave a $700,000 bond by Magistrate J.G. Faulkner
who told Deputy officer's "it was bout time ya'll showed
up and if ya'll had took any longer I was going back home."
  I got charged for 2 counts of trafficking up to 2 ounces
of methamphetamine, possesion with intent to sell and deliver
marijuana, Flee/eluding arrest, resisting arrest, and driving
while license revoked. The resisting arrest charge was
described by Deputy Efird by saying that I wouldn't put
my hands behind my back, so he deployed his k-9 Bodi.
I never was told to put my hands behind my back before
being throwed to the ground. The only time Deputy Efird asked
me to put my hands behind my back was while I was
already being attacked and he was trying to put me in
handcuffs.
  After the Deputies that took me to the jail had left
and I had been processed into the jail I got a chance
to use the phone a couple hours later, around 6:00 or
6:30 p.m.. Just as I was grabbing the phone I
heard the entrance doors to the jail open up and I
looked back and saw Deputy F. Porras walking into the jail.
I saw a hand reach through the magistrate window and

is your excuse for coming in", which was magistrate Faulkner. Deputy Porras took the papers and came from the magistrate's side to the jail doors and walked up to me and handed me the papers saying a slick comment that I can't remember. When I looked at the papers I saw that they was old charges from 8-1-2019 that I had already been arrested for, made bond, and been to court for on a initial hearing for fleeing from Deputy Porras and other Deputies in a vehicle at a license check when I had license. After I read over the papers, me and Deputy Porras changed words back and forth before he walked off. When he walked through the magistrate's office doors he said something else that made me madder and I walked behind him and Ms. Thompson yelled for me to come back. At that time there was a white male officer from the Norwood Police Department at the Magistrate window booking in a inmate that he had just brought in. Sgt. Thompson allowed for me to continue to use the telephone and while I was trying to get back on it Deputy Porras came back inside and got in my face. When he did we got into a verbal altercation and I ended up telling ~~his~~ him to get out of my face and he challenged me by getting in my face and saying that I wasn't going to do anything if he didn't. I asked him again to get out of my face and he said that I wasn't going to do shit but run my mouth, and I spit in his face. After I spit on him he punched me in my face and I tried to lay on the

ground. I had one hand behind my back and when I tried to get the other one behind my back he grabbed me from behind, put his arm under my chin putting me in a choke hold position and started applying a lot of pressure. I went to the ground with him still choking me and detention officer's from the jail came running to help him secure me. The officer from Norwood ran into the jail area and grabbed my right hand and started yelling "Put your hands behind your back!" Deputy Porras choked me until I lost consciousness and went to sleep. I don't know how long I lost consciousness but when I awoke, which had to be a few seconds later, I could see that I was still being choked by Deputy Porras. I was also laying on the ground with the Norwood officer holding my right arm stretched out and bending my fingers backwards still yelling for me to put my hands behind my back over and over. I could not hear too good. Everything sounded like it was in slow motion and I was under the water. I couldn't talk. I tried yelling for help but nothing would come out. My left arm was still behind my back and eventually I jerked my right hand away from the Norwood officer who was bending my fingers and Deputy Porras released pressure from my neck. My hearing got better, and I was able to get air and started yelling for help saying "Help, Help, they trying to kill me, they trying to kill me!" Detention officer's Harden and Morgan assisted Deputy Porras who said he needed help picking me up. The Norwood officer offered him handcuffs and he said that there was no need for them and they picked me up and walked me towards the magistrates office and charged me for

When I got seen by the nurse at the Stanly
Regional Hospital I got a rabies shot from being bit by
the dog. When I was seen by the nurse at the Stanly
County Jail I was put on Ibeuprofen and antibotics for
about 20 days for the pain from the dog attack, and being
choked to sleep. They had to change bandages for the wound
under my right arm and clean the blood that was still leaking
for the first 10 days that I was there, along with the bandages
I had on my right shoulder. My right hand was sore for a
few weeks from being bent backwards while I was being choked,
and I had red marks in my eyes from being choked for a
couple months. Everytime I started seeing dogs on television
I would start getting flashbacks from getting attacked. I started
having dreams about being growled at, bit and chased by dogs of
all different sizes, shapes, and colors such as: poodles, puppies,
pit bulls, a dog that look like clifford the big red dog, German
Sheperds, I even got chased by a group of show dogs that
tried to attack me after they ran away from a dog show that
was going on in my neighborhood. In all of my dreams I
am always the only one getting chased, growled at, and attacked.
On days that I have nightmares of being attacked I will
wake up in the middle of the night and it will be hard
for me to go back to sleep, which is a ongoing problem. I
have spoke to Psychologist about my fears with dogs, how I
get paranoid when I see dogs, have flashbacks about being attacked,
my nightmares of being attacked. I can not get the image out

while it was pulling on my jacket while I was in handcuffs. I need more psychological help with the mental issues that I developed. I have not always been afraid of dogs. This situation has caused for me to view dogs in a much different way. I have owned dogs in my past but I have never been attacked by any of my dogs. This was the 2nd time that I got attacked by Deputy Efird's k-9 Bodi. The first time was earlier in 2019 around March when I fled on foot and surrendered myself after I heard him yell "dog, dog, dog!" I was bit in similar places except they were all on the left side of my body, but the 2nd time was alot worse and lasted about 1:30 seconds longer. I can not see myself wanting another dog again in my life. I have developed anxiety issues, fear of dogs, PTSD, Phobia, and a lack of trust for k-9 holders and other govt. officials that I shouldn't have. I still feel pain where I was bit under my arm pit. I also feel a empty space in the spot where I was bit that will cause for future medical attention. I feel pain in my neck at times that come and go which I'm not sure that comes from being bit or choked and put to sleep. My ability to perform well for future employers may be questionable. I have had x-rays and I'm currently wait for a nerve conduction for my neck and arm. I got a Federal Indictment for the drugs that was found on the side of the road, that I got charged with. Only one of the phone calls was turned in as evidence and it was months after my attorney kept requesting them. My resisting arrest and assault charge got dismissed around 2-3 months with other charges,

in favor of Federal prosecution. I have been waiting for a scheduled nerve Conduction since the last 6 months or so while I have been here at FCI McDowell and I will be going to get checked at any time.

## - JurisDICTION -

JurisDiction is proper upon the United States District Court of the Middle District of North Carolina pursuant to 18 U.S.C. 3231 and 18. U.S.C. 1331.

## - VENUE -

Venue is proper in this Court of the United States District Court of the Middle District of North Carolina.

# Parties

1) Plaintiff, Brandon C. Polk was originally born in Stanly County, NC in the city of Albemarle, and was a resident of Charlotte NC at the time of the incident described in the complaint.

2) Defendant J. Crisco is employed with the Stanly County Sheriff's office. He is employed as the Sheriff of Stanly County. He is responsible for any unlawful activity and actions from employees and staff members of the Stanly County Sheriff's office. He is being sued in his individual and official Capacity.

3) Defendant J. Efird- (K-9 Holder) is employed with the Stanly County Sheriff's office as a Deputy officer. He is also a K-9 holder of the K-9 named Bodi that is described in the complaint. He is being sued in his individual and official Capacity.

4) Defendant D. Hunneycutt is employed with the Stanly County Sheriff's office as a Captin and superviser of Deputy officer's described in the complaint. He is being sued in his individual and official Capacity.

5) Defendant D. Sells is employed with the Stanly County Sheriff's office. He is employed as a Deputy Officer. His actions is described in the complaint. He is being sued in his individual and official capacity.

6) Defendant D. Morgan is employed with the Stanly County Sheriff's office. He is employed as a detective and his actions is described in the complaint. He is being sued in his individual and official capacity.

7) Defendant D. Callicut is employed with the Stanly County Sheriff's office. She is employed as a Deputy officer. Her actions is described in the complaint. She is being sued in her individual and official capacity.

8) Defendant F. Porras is employed with the Stanly County Sheriff's office. He is employed as a Deputy officer His actions is described in the complaint. He is being sued in his individual and official capacity.

9) Defendant John Doe is a officer employed with the Norwood Police Department in the City of Norwood, NC. His name is unknown to the plaintiff. His actions is described in the complaint. He is being sued in his individual and official capacity.

# Claims

1) Fourth Amendment Violation         Excessive Force

Defendants J. Efird, D. Sells, D. Hunneycutt, and D. Morgan did knowingly, willfully, and intentionally violate Mr. Polks rights under the 4th Amendment of the U.S.C. and NC Law of Excessive Force by unnecessarily using more than enough force needed to perform an arrest against him by throwing him to the ground and unreasonably deploying a K-9 to attack him without giving plaintiff any warnings that the k-9 would be released. Deputy officer's allowed for k-9 Bodi to continue to attack plaintiff while he was being placed in handcuffs and they also allowed for Bodi to continue to attack plaintiff for approximately an additional 2 minutes after he was placed in handcuffs causing plaintiff unnecessary injuries that were both physical and mental while being well aware that plaintiff was not resisting at any time during the attack and voluntarily surrendered himself by pulling over, parking, and remaining seated in a vehicle with both hands up to be clearly seen until being removed by a Deputy officer at gun point, making no attempt to flee or resist and offered no physical or verbal resistance to being placed in handcuffs, after eluding an arrest. Plaintiff didn't have any weapons or pose a threat to any officer's in any way. Deputies had multiple officer's near by to safely secure plaintiff's arrest without the use of unnecessary force, in violation of plaintiff's rights under the 4th Amendment of the U.S.C. and NC Law.

2) Fourth Amendment Violation          Bystander Liability

Defendants D. Hunneycutt, D. Morgan, and Callicut did
Knowingly, willfully, and Intentionally Violate Mr. Polks
rights under the 4th Amendment of the U.S.C. and NC Law
of Bystander Liability by allowing fellow officer's to use
Excessive Force against Plaintiff during Plaintiff's arrest
while standing directly in front of him and allowing
him to be attacked by K-9 Bodi while being placed
in handcuffs and watching him continue to be attacked
for approximately 2 minutes longer after the handcuffs
were on, chosing not to do anything to stop the attack
at anytime. Defendants were well aware that plaintiff was
not attempting to flee or resist at anytime during the
attack or posing a threat to anyone. Defendants are in
violation of the plaintiff's rights under the 4th Amendment of
the U.S.C. and NC Law.

3) Fourth Amendment Violation                    Malicious Prosecution

Defendants J. Efird, D. Sells, D. Hunneycutt, D. Morgan, and Callicut did Knowingly, willfully and Intentionally violate Mr. Polks rights under the 4th Amendment of the U.S.C. and NC Law of Malicious Prosecution by participating in the wrongful acts used against him by deploying a k-9 to attack him without giving him any warnings that the k-9 was being released, after being well aware that plaintiff voluntarily surrendered himself by pulling over to park, and sitting with both hands up until he was removed from the vehicle at gun point and innocent of trying to flee or resist in any way after Eluding an arrest in a motor vehicle. Defendants allowed for plaintiff to continue to be attacked while he was being placed in handcuffs and also allowed for plaintiff to continue to be attacked for approximately 2 minutes while they watched the attack refusing to take any steps to protect the plaintiff against unnecessary force despite being in position and having a duty to do so. Defendants were well aware of the fact that plaintiff showed no signs of physical or verbal resistance at no point while being attacked. Plaintiff did not have any weapons or pose a threat to any officer's in any way. Defendants violated Plaintiff's rights under the 4th Amendment of the U.S.C. and NC Law. Plaintiff was accused of not putting his hands behind his back and charged with resisting arrest along with other charges and the charges were dismissed on 2-26-21

4) State Law Violation        Negligence

Defendants J. Efird, D. Hunneycutt, D. Morgan, D. Sells, and Callicut did knowingly, willfully, and Intentionally violate Mr. Polks rights under NC Law of Negligence by using wrongful acts during an arrest against plaintiff that caused him serious injuries due to them being careless and reckless while performing an arrest, when chosing to unreasonably deploy a k-9 to attack him without giving him any warnings that the k-9 would be released after mr. Polk voluntarily surrendered himself and showed no signs of fleeing or resisting after he pulled over to park from eluding an arrest in a motor vehicle, until he was removed at gun point by a Deputy officer. Defendants recklessly allowed for mr. Polk to continue to be attacked for approximately 2 minutes longer after he was already placed in handcuffs and still not attempting to flee or resist in any way, in violation of plaintiff's rights under NC Law.

P. 22

5) State Law Violation                    Gross Negligence

Defendants J. Efird, D. Hunneycutt, D. Morgan, D. Sells,
and Callicut did knowingly, willfully, and Intentionally
violate Mr. Polks rights under NC Law for Gross Negligence
towards plaintiff when arresting him with the use of
Excessive Force by deploying a K-9 to attack him after he
voluntarily surrendered himself from eluding an arrest by
pulling over to park and remaining seated with both hands up
to be clearly seen until being removed from the vehicle at
gun point by a Deputy officer, not fleeing or resisting in
any way. Defendants released the K-9 without giving the
plaintiff any warnings that the K-9 Bodi would be released
and intentionally allowed for Bodi to continue to attack plaintiff
after he was placed in handcuffs while they watched the attack,
standing directly in front of Mr. Polk. showing the slightest
care of concern and refusing to remove Bodi from attacking
plaintiff after until after about 2 minutes demonstrating
reckless and wrongful misconduct while failing to perform a
duty and being in a position to do so. Defendants were
careless and thoughtless of the consequences of their
actions, in violation of Plaintiff's rights under NC Law.

6) Fourteenth Amendment Violation     Pain and Suffering

① Defendants   J. Efird, D. Sells, D. Hunneycutt, D. Morgan, and Callicut did knowingly, willfully, and intentionally violate plaintiff's rights under NC Law and 14th Amendment U.S.C. of Pain and Suffering by causing physical pain and Emotional pain when using negligent acts against Mr. Polk by unnecessarily deploying a k-9 to attack him after plaintiff voluntarily surrendered himself and was seated in a vehicle with both hands up until being removed by a Deputy officer at gun point. Defendants also deployed the k-9 Bodi without giving the plaintiff any warnings that the k-9 would be released and allowed for k-9 Bodi to continue to attack plaintiff while he was being placed in handcuffs and also watched plaintiff continue to be attacked by Bodi for approximately 2 minutes longer while plaintiff was in handcuffs before removing Bodi from attacking plaintiff, while being well aware that plaintiff was not attempting to flee or resist at anytime during the attack, causing plaintiff unnecessary injuries that needed medical attention and psychological attention. Plaintiff suffered injuries such as larcerations to his right arm pit / auxillery, multiple abrasions to his right shoulder, multiple abrasions to the right side of his neck, and abrasions to the right side of plaintiff's head, along with nerve damage to his neck that will need future

medical attention. Defendants caused for plaintiff
to develop a sense of fear for dogs of all kinds
that he never had. Plaintiff do not enjoy seeing
dogs anymore as he once did before being
wrongfully attacked. Defendants wrongful conduct
also caused for plaintiff to suffer from ongoing
nightmares of being chased by dogs, growled at
and attacked by dogs in his sleep that plaintiff
never experienced before being attacked, and also
caused plaintiff to lose lots of sleep due to his
nightmares from being attacked, in violation of
plaintiff's rights under the 14th Amendment of the
U.S.C and NC Law.

7) State Law Violation        Negligent Infliction of Emotional
                                      Distress

Defendants J. Efird, D. Hunneycutt, D. sells, D. Morgan,
and Callicut did knowingly, willfully, and Intentionally
violate Plaintiffs rights under NC Law by Causing
Negligent Infliction of Emotional Distress when using negligent
conduct against Mr. Polk that was foreseeable for Defendants
to know that such Conduct would cause for Plaintiff to
have severe Emotional Distress and unnecessary injuries, as
described in the complaint. The Negligent acts of the defendants
did in fact cause Plaintiff unnecessary injuries and severe
Emotional Distress by deploying a k-9 to attack him after
he voluntarily surrendered himself after eluding officer's in a
motor vehicle and remaining seated in a parked car with
both hands visable to be seen, until he was removed at
gun point by a Deputy officer, while making no attempt
to flee or resist. The k-9 was deployed without any warnings
given to plaintiff that it would be released and Defendants
allowed for the k-9 to continue to attack. Plaintiff while
he was being placed in handcuffs and watched him as he
was attacked for approximately 2 minutes or longer after
he was placed in handcuffs, not fleeing or resisting. Defendants
were well aware that the lengthy attack would cause the
plaintiff injuries and emotional Distress, in violation of
plaintiff's rights under NC Law.

8) State Law Violation     Intentional Infliction of
                           Emotional Distress

Defendants J. Efird, D. Hunneycut, D. Morgan, D. Sells,
and Callicut did knowingly, willfully, and Intentionally
violate Plaintiff's rights under NC Law of Intentional
Infliction of Emotional Distress for purposely using
wrongful acts against Mr. Polk that was extreme and
outrageous conduct which was intended to cause
severe Emotional Distress to plaintiff and infact did
cause severe Emotional Distress to plaintiff by
deploying a k-9 to attack him without giving plaintiff
any warnings that the k-9 was being released, after
Mr. Polk voluntarily surrendered himself and was in custody
of a Deputy officer that had removed him from a vehicle
at gun point, not attempting to flee or resist in any way.
Defendants allowed for plaintiff to get attacked while being
placed in handcuffs and watched him continue to be
attacked for approximately 2 minutes or longer while he was
already in handcuffs not attempting to flee or resisting
arrest which ~~officer~~ officer's was well aware of and
caused plaintiff severe Emotional Distress, in violation of
plaintiff's rights under NC Law.

9) Eighth Amendment Violation                    Deliberate Indifference

Defendant J. Efird did knowingly, willfully, and Intentionally violate Mr. Polks rights under the 8th Amendment of the U.S.C. of Deliberate Indifference by refusing to allow plaintiff frome riding with paramedics to the hospital to recieve emergency treatment that was visable to paramedics that were called to the scene, which defendant was well aware of after Defendant wrongfully deployed a k-9 to attack plaintiff for approximately 2 to 3 minutes. Defendant also careless and recklessly delayed plaintiff's ride to the hospital for about 15 minutes by unnecessarily pulling over on the side of the rode to get out and use the phone and conversate with another employee while enroute to the emergency room placing plaintiff at a substaintual risk of harme and possibly death due to the amount of blood loss plaintiff unnecessarily suffered

10) Fourteenth Amendment Violation          Excessive Force

Defendants F. Porras and John Doe did knowingly,
willfully, and intentionally violate Mr. Polks rights under
the 14th Amendment of the U.S.C. and NC Law
of Excessive Force by wrongfully using more than
enough force to detain plaintiff causing him unnecessary,
wanton, pain and suffering from serious injuries by
choking plaintiff from behind with arms around
plaintiff's neck until he became unconscious while
having one of plaintiff's arms stretched out and ~~being~~
bending his fingers backwards until plaintiff awoke seconds
later yelling for help. Defendants was well aware that plaintiff
was not attempting to flee, or resist from being detained and
no longer showing any signs of being physical or resisting
in any way. Defendants had help from a few detention
officer's near by to detain plaintiff without the use of
unreasonable force, in violation of Plaintiff's rights
under the 14th Amendment of the U.S.C. and NC Law.

11) State Law Violation                    Negligence

Defendants F. Porras, and John Doe did knowingly,
willfully, and Intentionally violate Mr. Polks rights
under NC Law of Negligence by using wrongful acts
against him that caused plaintiff serious injuries due to
them being careless and reckless while detaining him by
choking Mr. Polk from behind his back with an arm
wrapped under plaintiff's chin around his neck applying
enough force to cause plaintiff to become unconscious
while holding plaintiff's arm preventing him from placing
it behind his back and bending his fingers until
he awoke and gained consciousness again, placing
plaintiff at a substaintual risk of death in violation of
Plaintiff's rights under NC Law.

12) State Law Violation          Failure to Investigate, supervise,
                                 and Discipline staff

Defendant J. Crisco did knowingly, willfully, and intentionally
violate Mr. Polks rights under NC Law with Failure to Investigate,
supervise, and Discipline staff by allowing ~~wrongfully~~ wrongful
conduct to be repeatedly performed against Plaintiff by Deputy
employees of the Stanly County Sheriff's office without further
investigation and Discipline applied, while being well aware of
numerous outrageous incidents dealing with plaintiff and
Sheriff Crisco's Deputy employees, in violation of NC Law.

# Relief

WHEREFORE, I plaintiff Brandon C. Polk would like to be granted Relief for the wrongful and unlawful acts performed against me by my defendants who violated my rights under the United States Constitution and NC Law.

- Declare that the acts and omissions of the defendants violated plaintiff's rights under Federal and State Laws.

- Hold the defendants accountable for their actions with reasonable punishment

- Award the plaintiff for economic losses, non-economic losses, financial losses, injuries, attorney fees, loss of endoyment, past and future medical bills, and any other losses reasonable

- Award the Plaintiff Nominal, Punitive, and Compensatory damages for injuries suffered in an amount of $2,000,000.

- Order that the defendants, their Co-workers, employees, and subordinates cease all wrongful acts against plaintiff and other Civilans

   Award the plaintiff any other relief that the Court find just and proper.

RESPECTFULLY SUBMITTED on July Day, 27, 2022.

1) Defendant J. Efird is a Deputy office employed with the Stanly County Sheriff's office and a Crediable witness that Was present while I was attacked on 11-1-2019 by a k-9.

2) Defendant D. Hunneycutt is employed with the Stanly County Sheriff's office as a Captin and is a crediable witness that was present while I was being attacked by a k-9 on 11-1-2019

3) Defendant D. Sells is employed with the Stanly County Sheriff's office as a Deputy officer and is a crediable witness that Was present on 11-1-2019 while I was attacked by a k-9.

4) Defendant D. Morgan is employed with the Stanly County Sheriff's office as a Deputy officer and is a crediable witness that was present while I was attacked by a k-9 on 11-1-2019.

5) Defendant D. Callicut is employed with the Stanly County Sheriff's office as a Deputy officer and is a crediable witness that was present while I was attacked on 11-1-2019.

6) Defendant F. Porras is employed with the Stanly County Sheriff's office as a Deputy Officer and is a crediable witness that was present while I was choked to sleep on 11-1-2019.

7) Defendant John Doe is employed with the Norwood Police Dept. was present while I was choked to sleep on 11-1-2019.

Nothing in this Complaint is made up or exaggerated and wrote to the best of my ability.

Beard C. Palk